[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11378
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00208-LGW-JEG


ROBERT D. REEVE,

                                                             Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

                                                             Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 9, 2013)



Before DUBINA, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Robert Reeve appeals the grant of summary judgment in favor of the Department of Homeland Security ("DHS"), in his employment retaliation action filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16.  No reversible error has been shown; we affirm.[1]

In his complaint, Reeve alleged that DHS terminated improperly his temporary duty assignment ("TDY") as a firearms instructor for Customs and Border Patrol ("CBP") in retaliation for his participating in a protected mediation on behalf of another DHS employee, Kathy Korte.  Korte had accused Walter Koran -- the Firearms Division Chief who ultimately terminated Reeve's TDY -- of discrimination.  During the pertinent mediation session, Koran became visibly angry with Reeve when Reeve challenged Koran's conduct as inappropriate.

About three weeks after the mediation session, Reeve received a negative evaluation from his direct supervisor, John Huggins.  Reeve contends that Koran was responsible for the poor evaluation.

The next day, Reeve was involved in a physical confrontation with a fellow instructor, Greg Murphy.  Reeve alleges that Huggins intentionally incited Murphy

---

[1] We review de novo the district court's grant of summary judgment.  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007).  And we view the evidence in the light most favorable to the non-moving party.  Id.

2

to become aggressive toward Reeve.  A few days after the confrontation with Murphy, Koran terminated Reeve's TDY.

Briefly stated, the district court concluded that, although Reeve had established a prima facie case of retaliation, he failed to rebut DHS's legitimate, non-retaliatory reasons for the adverse employment action.[2]

Although the precise language used to articulate DHS's reasons for Reeve's termination differed some between Koran's 2009 written statement and Koran's 2012 deposition, the record demonstrates that the reasons given have remained consistent.  DHS proffered six legitimate, non-retaliatory reasons for terminating Reeve's TDY: (1) Reeve's receipt of negative student evaluations; (2) the continuing animosity between Reeve and Murphy, including Reeve's undermining of Murphy in the classroom; (3) that Reeve's written report about his confrontation with Murphy could not be substantiated; (4) Reeve's failure to comply with CBP policy about the placement of magazine pouches; (5) Reeve's negative reaction to

_____

[2] Because Reeve's claim is based on circumstantial evidence, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), applies.  Under this framework, the plaintiff must first establish a prima facie case, which creates a presumption of unlawful discrimination against the employee.  The employer may then rebut that presumption with legitimate, non-retaliatory reasons for the adverse employment acts.  The employee must then proffer sufficient evidence to create a genuine issue of material fact that the defendant's articulated reasons are pretextual.  See Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008).  The plaintiff must show both that the employer's stated reasons were false and that discrimination or retaliation was the real reason for the action.  See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006).

Huggins's performance evaluation; and (6) Reeve's attitude that a conspiracy existed against him.

Reeve argues that, because Koran based his decision on the "culmination" of all six reasons, Reeve can avoid summary judgment by demonstrating that even one of DHS's reasons was pretextual. We need not consider Reeve's "culmination" argument because Reeve has failed to demonstrate sufficiently that even one of DHS's reasons was pretext for retaliation.

Even assuming that a supervisor told Reeve that the student complaints were unfounded, Koran was still permitted to consider the student complaints in making his termination decision. An employer may take an adverse action "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a [retaliatory] reason." Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984).

The record evidences that Koran believed, based on his investigation of Reeve's confrontation with Murphy, that continuing animosity existed between Reeve and Murphy and that Reeve had been undermining Murphy's teaching. Reeve denies that he and Murphy had a hostile relationship before the physical confrontation at issue in this case, but the record reflects that the two men had had an ongoing dispute for several months about the proper placement of magazine pouches. In any event, even if Koran's belief about Reeve and Murphy's

4

relationship was erroneous, Koran was entitled to rely on his belief in making his termination decision.  See id.  Reeve has also failed to present evidence showing that Koran's investigation was unreasonable or that Koran did not in fact rely on his determination that Reeve's written statement about the incident could not be substantiated.

About DHS's other reasons, nothing evidences that Reeve complied with CBP policy or that Koran knew that he complied with CBP policy.  And Reeve does not dispute that he responded poorly to Huggins's performance evaluation or that he had asserted that others had conspired against him.

Reeve has failed to demonstrate either that DHS's legitimate, non-retaliatory reasons for terminating his TDY were false or that retaliation was the real reason for his termination.  See Brooks, 446 F.3d at 1163.  We affirm the district court's grant of summary judgment.

AFFIRMED.

5